# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0295V
UNPUBLISHED

| | |
|---|---|
| CHRIS HEMPEL,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: October 19, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*Mallori Browne Openchowski*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On March 16, 2020, Chris Hempel filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA"), which meets the definition of a Table SIRVA, after receiving the influenza vaccine on October 15, 2018. Petition at 1, ¶¶ 1, 9. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 11, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On October 19, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $60,062.30,

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

representing $60,000.00 for compensation for Petitioner and $62.30 to satisfy the Commonwealth of Massachusetts Medicaid lien. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* at 1-2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following compensation:**

1. **A lump sum payment of $60,000.00 in the form of a check payable to Petitioner.**

2. **A lump sum payment of $62.30, representing compensation for satisfaction of the Commonwealth of Massachusetts Medicaid lien, payable jointly to Petitioner and to:**

> Commonwealth of MA-CRU
> Casualty Recovery
> P.O. Box 417811
> Boston, MA 02241-7811

Petitioner agrees to endorse this payment to the Commonwealth of Massachusetts.

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> s/Brian H. Corcoran
> Brian H. Corcoran
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CHRIS HEMPEL, | |
| Petitioner, | No. 20-295V |
| v. | Chief Special Master Corcoran |
| | SPU |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On June 11, 2021, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. Thereafter, on that same day, Chief Special Master Corcoran issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for his shoulder injury related to vaccine administration ("SIRVA").

**I.      Compensation for Vaccine Injury-Related Items**

Based on the evidence of record, respondent proffers that petitioner should be awarded **$60,000.00**. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a), with the exception of the reimbursement of the Medicaid lien, below. Petitioner agrees.

Respondent further proffers that petitioner should be awarded funds to satisfy a Commonwealth of Massachusetts Medicaid lien in the amount of **$62.30**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Commonwealth of Massachusetts may have against any individual as a result of any Medicaid payments that the Commonwealth of Massachusetts has made to or on behalf of Chris Hempel

from the date of his eligibility for benefits through the date of judgment in this case as a result of his vaccine-related injury suffered on or about October 15, 2018, under Title XIX of the Social Security Act. Petitioner agrees.

II.     **Form of the Award**

Respondent recommends that the compensation provided to petitioner be made through two lump sum payments as described below:

(1) The parties recommend that compensation provided to petitioner should be made through a lump sum payment of **$60,000.00**, in the form of a check payable to petitioner.[1] Petitioner agrees.

(2) A lump sum payment of **$62.30**, representing compensation for satisfaction of the Commonwealth of Massachusetts Medicaid lien, payable jointly to petitioner and to:

> Commonwealth of MA- CRU
> Casualty Recovery
> P.O. Box 417811
> Boston, MA 02241-7811

Petitioner agrees to endorse this payment to the Commonwealth of Massachusetts.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future pain and suffering.

2

                        LARA A. ENGLUND
                        Assistant Director
                        Torts Branch, Civil Division

                        s/ *Mallori B. Openchowski*
                        MALLORI B. OPENCHOWSKI
                        Trial Attorney
                        Torts Branch, Civil Division
                        U.S. Department of Justice
                        P.O. Box 146, Ben Franklin Station
                        Washington, DC 20044-0146
                        Tel.:  (202) 305-0660
                        mallori.b.openchowski@usdoj.gov

DATED:  October 19, 2021